David L. COLEMAN, Individually and
d/b/a Creative Builders,
Plaintiff-Appellant,

v.

Richard N. ANDERSON and Pamela A.
Anderson, Defendants-Appellees.

Supreme Court of Tennessee,
at Nashville.

July 20, 1981.

Rehearing Denied Aug. 24, 1981.

Rankin P. Bennett, Cookeville, for plaintiff-appellant.

John E. Acuff, Cookeville, for defendants-appellees.

HARBISON, Chief Justice.

Appellant, a general contractor, was allowed recovery in the trial court for the balance due on a cost-plus contract for the construction of a home for appellees. The Court of Appeals reversed because appellant did not have a general contractor's license at the time he entered into and completed the contract with appellees, as required by T.C.A. §§ 62–601 *et seq.*

The Court of Appeals relied upon and applied the rule stated in *Farmer v. Farmer*, 528 S.W.2d 539 (Tenn.1975) and *Santi v. Crabb*, 574 S.W.2d 732 (Tenn.1978).

The contract between the parties was dated May 12, 1975. Construction of the residence was completed about December 10 of that same year. Appellees had no objection to the quality of the work performed, and they accepted the residence as having been satisfactorily constructed. Costs exceeded the original estimates of the parties, and appellees apparently had experienced difficulty in financing the final stages of construction. Nevertheless they agreed with appellant that the best course to follow was to have the residence completed, rather than to attempt to sell it in an unfinished condition. At no time prior to contracting or during the construction did appellees raise any question concerning the proper licensure of appellant. Only after they consulted counsel on December 9, 1975 were they advised of the then recent *Farmer* decision, *supra.* Upon investigation they found that appellant did not possess a general contractor's license. Their defense to the action for the contract balance has been predicated entirely upon that fact.

If nothing else appeared in the record, appellees would be correct. Although the Chancellor allowed recovery, the Court of Appeals, in a divided decision, reversed and dismissed the action.

Other facts do appear in the record, however, which, in our opinion, distinguish the *Farmer* and *Santi* cases, *supra*, and justify a relaxation of the rule followed in those cases.

In the recent case of *Gene Taylor & Sons Plumbing Company v. Corondolet Realty Trust*, 611 S.W.2d 572 (Tenn.1981) the matter of recovery by unlicensed contractors was reviewed in depth. In that case the Court recognized the policy reasons underlying the rule stated in the *Farmer* and *Santi* cases; that is, the protection of the general public from unlicensed and unqualified persons. The licensing statutes, among other things, are designed for the protection of the consuming public. In both of those cases individuals or companies were engaging in a business requiring licensure without any attempt whatever to obtain a license or to comply with the statutes, insofar as the records revealed.

A different situation exists in the present case. It is uncontradicted that appellant did make application to the Tennessee Board for Licensing General Contractors on February 6, 1975, more than three months before entering into the contract with appellees. He paid the full fee for the license and submitted letters of recommendation and other supporting documents. He did not at that time, however, submit all of the additional detailed information required for the obtaining of a license, such as a financial statement and a list of contracted work in progress. He expected to submit these in due course, because he was a member of a home builders association which was urging all of its members to obtain licenses, whether technically required or not.

Appellant had occasion to be in Nashville some six to eight weeks after submitting his initial application. At that time he went to the offices of the Licensing Board and had a discussion with the Executive Director, Mrs. Ethel Elam. Mrs. Elam was advised that appellant was principally performing work in Putnam County, which had a population of fewer than sixty thousand persons. It was her understanding that the statute then in existence did not require a general contractor to have a license to build residences for other persons in counties with population under sixty thousand persons. She so advised Mr. Coleman, and on the strength of that advice he proceeded to enter into the contract with appellees be-

fore he had completed all of the procedures necessary for him to obtain a license. Subsequently, in the early part of 1976, he did complete these procedures and was duly licensed.

These facts, in our opinion, materially distinguish the present case from the *Farmer* and the *Santi* cases, *supra*, and from the rationale thereof. This is not a case of a person who had ignored the licensing requirements or undertaken to engage in a licensed business without even a colorable attempt to comply. He had made an application, which he later completed, but he was advised before entering into the present contract by the chief executive officer of the licensing authority that no license was needed. Later, as explained by the Court in the *Farmer* decision, it proved that the Executive Director was in error and that a license was required when a contractor undertook to build a residence on property owned by another, rather than upon property which he himself owned and held for resale.

That the appellant did receive such advice and did rely thereon are uncontradicted in the record in this case. The situation is much more similar to that which obtained in the recent case of *Tackett v. Mullins*, 612 S.W.2d 909 (Tenn.1981), than to *Farmer* or *Santi, supra*. In the *Tackett* case a real estate agent was in the process of obtaining a license but had not completed all of the technical steps at the time when he entered into a contract to sell property for a building contractor. He had, however, acted in good faith upon advice from the licensing authority that notice of his passing an examination would serve as a temporary license. Under the circumstances he was allowed recovery against his principal on a quantum meruit basis.

We believe that the same result should apply in the present case. As noted in *Gene Taylor & Sons Plumbing Co. v. Corondolet Realty Trust*, 611 S.W.2d 572, 577 (Tenn. 1981), the General Assembly in 1980 changed the public policy of the state with respect to unlicensed persons. T.C.A. § 62–

603(c) now permits an unlicensed contractor "to recover actual documented expenses . . . upon a showing of clear and convincing proof." Although the contract in the *Corondolet* case, *supra*, had been entered into and performed prior to the effective date of that statute, the Court permitted recovery consistent with the policy reflected in the recent legislation.

As in *Corondolet, supra*, we do not find it necessary in this case to overrule or depart from the *Farmer* and *Santi* decisions in cases arising prior to the 1980 statute where persons have engaged in business requiring a license without attempting to comply or attempting to ascertain whether or not licenses were required. In the present case, however, there was a proper application for license on file, with the necessary fee paid in full, before appellant entered into the subject contract. He experienced a delay in submitting all of the necessary supporting data, and for this reason made a personal visit to the licensing office. Upon being assured by the principal executive officer that a license was not required for his operations, he understandably did not promptly complete all of the necessary steps for obtaining a license. Had he relied upon the advice of a mere secretary or clerk in the office, or someone not in authority, a different situation might have been presented. The Executive Director herself, however, who was thoroughly familiar with the licensing laws and who believed that previous opinions of the Attorney General supported her interpretation, in good faith advised appellant that the license was not necessary. Because of technicalities in the law, which had been amended several times, her advice proved to be erroneous, but this does not alter the good faith of both the person giving and the person receiving it.

In our opinion, the ends of justice would be served in this cause by permitting appellant to recover the actual expenses for labor and materials which he expended on the residence of appellees, with appropriate interest from date of completion. If the parties are not able to agree upon these, a proper reference should be ordered by the Chancellor.

The cause is remanded to the chancery court for further proceedings consistent herewith. All costs incident to the appeal are taxed to appellees; all other costs will be fixed by the Chancellor.

FONES, COOPER and BROCK, JJ., and HUMPHREYS, Special Justice, concur.