**George E. GETTER, Plaintiff-Appellee,**

**v.**

**Hubert O. SHUPTRINE, et al., Defendants-Appellants.**

Court of Appeals of Tennessee, Western Section, at Nashville.

April 5, 1983.

Application for Permission to Appeal Denied by Supreme Court July 25, 1983.

Harry Berke, Chattanooga, for defendants-appellants.

Walter E. Hooper, Chattanooga, for plaintiff-appellee.

NEARN, Presiding Judge, Western Section.

The Chancellor rendered judgment in the amount of $60,269.43 in favor of the building contractor, plaintiff George E. Getter. The Shuptrines, the homeowners, appeal. The issue on appeal is whether the failure of a contractor to comply with T.C.A.

§ 62–6–112(d) deprives him of the right to bring suit on a construction contract.

The code section[1] is as follows:

62–6–112. Recording of certificate of license—Fee.—(a)(1) Any person thus receiving a certificate of license from the board shall forthwith have it recorded in the Office of the county clerk of the county or in the office of the corresponding officer of the municipality in which he is engaged in business, and the date of the recording shall be evidenced thereon; however, no licensed contractor working under the supervision of either a licensed architect or engineer shall be required to record with the county clerk or municipal official.

(2) The clerk of the appropriate municipal official shall be paid a fee of one dollar ($1.00) for recording said certificate.

(b) Until the license is recorded, the holder thereof shall not exercise any of the rights and privileges therein conferred, and in case such license is not so recorded within three (3) months from the date of issuance it shall become invalid.

(c) The county clerk of each county or the appropriate municipal official shall keep in a book to be provided for the purpose, a complete list of the certificates of license recorded by him, together with date of each and the date of the recording.

(d) The certificate of license and any renewal thereof shall be recorded as provided in each county in which the contractor engages in business during the term of the license unless such contractor is being supervised by either a licensed architect or engineer.

The facts necessary for an understanding of our treatment of this appeal are undisputed. In 1974 the Shuptrines contracted with the plaintiff for the construction of a home. The structure was a substantial one as it appears to have required in excess of

---

1. Changes in the statute, immaterial to this case, have been made since 1976, but since the new statute breaks the structure into sections, we elect to copy it in its present form for the sake of clarity.

**152**

$300,000.00 for its construction. Work was performed by the plaintiff during the years 1974, 1975 and 1976. This suit was filed by the plaintiff contractor in January 1977. Plaintiff's principal office is located in Hamilton County. The Shuptrine home site is located in the adjoining county of Marion. During the years 1974, 1975 and 1976 the plaintiff had obtained a contractors license. In fact, it appears that he has had a contractors license since 1956. However, in 1974, the license was recorded in Hamilton County more than three months after issuance and in 1975 was not recorded at any time. In 1976 the license was timely recorded in Hamilton County. The license was not recorded in Marion County nor taxes there paid until after suit was filed and defendants had questioned plaintiff's right to sue. In May of 1977, the Chancellor held that plaintiff had the right to recover from the defendants and referred the matter to the Master for an accounting. On grounds of equity and good conscience, the Chancellor refused to apply the "harsh" rule announced by the Supreme Court, *Farmer v. Farmer,* (1975 Tenn.) 528 S.W.2d 539, to the facts of the case at hand. The accounting took a considerable amount of time and judgment in favor of the plaintiffs in the aforementioned amount was entered in 1981.

The Chancellor, besides having a proper equitable conscience, must also be gifted with a degree of clairvoyance, for sure enough, the "harsh" rule announced in *Farmer v. Farmer, supra,* has been softened or relaxed by the holdings of the Supreme Court in *Coleman v. Anderson,* (1981 Tenn.) 620 S.W.2d 77, and in *Chedester v. Phillips,* (1982 Tenn.) 640 S.W.2d 207. In *Coleman* and in *Chedester* it was held that the statute did not operate as a forfeiture of rights for those contractors who had in good faith made at least a colorable attempt to comply with the licensing statutes. The new good faith rule applies to this case.

No doubt realizing the shifting legal sands as evidenced by recent Supreme Court holdings, counsel for appellants has addressed his complaint to that which has not been previously and recently addressed by the Supreme Court, that is, the effect of the failure of the contractor to make any effort to record his license pursuant to section (d) of the statute until after suit was filed. In his brief, counsel for appellants states

The only question before this Court is whether or not the failure of the plaintiff to record his license in Marion County, where the work was done, is a defense to this action as the law existed between the years 1974 and 1976.

An appeal has been perfected to this Court, with an abridged record since the question involves only the effect of the plaintiff's total failure to record his license in Marion County for any of the years in which he engaged in the business as a general contractor.

We will answer the question posed by counsel. It is the argument of counsel that the statute provides that failure to record the license in each county where work is performed invalidates the license. We do not so construe the statute.

Section (a)(1) of the statute provides the license is to be recorded in the proper office where "he is engaged in business." Section (b) provides that if the license "is not so recorded within three (3) months from the date of issuance it shall become invalid." Section (d) provides for recordation of the license "in each county in which the contractor engages in business" unless the contractor is being supervised by an architect or engineer. We construe section (a)(1) to require recordation in the county or city where the contractor's principal office of business is located. Failure to do so within the three month period provided in section (b) would invalidate the license. We hold that section (d) provides for recordation in *other* counties in which the contractor might do business, but failure to do so carries no penalty or forfeiture under the statute. This we believe to be the only reasonable construction of the statute as any other would require the contractor to do the impossible. For instance, if a contractor duly licensed and recorded for a

period of six months in county A, the county of his principal office, then accepted a contract in county B, there is no way that compliance could be had with the time requirements set forth in section (b). The license could not possibly be recorded in county B "within three (3) months from the date of *issuance*." Therefore, we have concluded that sections (a)(1) and (b) taken together require a recordation only in the proper office of the county of the contractor's principal place of business within three months of issuance. A failure to so record in that county would affect validity. Accordingly, failure to record in another county does not invalidate the license.

We are inclined to the view that that legislative purpose of section (d) is to facilitate the collection of those general business taxes provided for under Title 67, Chapter 40, Tennessee Code Annotated, and more specifically, in this case the third paragraph of T.C.A. § 67–4003 [2]. By recording under section (d) of T.C.A. § 62–6–112 the taxing authorities of each county where work is being performed are advised that the contractor is there doing business and subject to possible additional tax liability.

From the brief, the relief sought on appeal is that the "Court reverse the Chancellor and that the case be dismissed at the cost of the plaintiff-appellee." For the reasons given, the relief sought is denied and the Chancellor is affirmed with costs of appeal adjudged against appellant and surety.

Done at Nashville in the two hundred and seventh year of our Independence and in the one hundred and eighty-eighth year of our Statehood.

CRAWFORD and HIGHERS, JJ., concur.

---

**2.** 67–4003. Separate tax for each place of business.—Every person conducting business from more than one (1) established place of business in a county shall be liable for the privilege tax on business done at each place and must secure a separate license for each place of business.

If he conducts business from an established place of business in more than one (1) county he shall pay the state privilege tax in each county and each county in which he maintains an established place of business shall be authorized to levy a county tax upon each such establishment in accordance with § 67–4202. If he maintains only one (1) place of business in a county, from that place extending his operations into adjoining counties without establishing a place of business or a branch office in such adjoining counties, he shall be liable for both state and county tax in the county where the place of business is located but only for the county tax in any other county.